**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**STATE OF MISSISSIPPI et al. (Smith County School District), Defendants-Appellants,**

**Sylvarena Baptist Academy, Defendant-Appellant.**

**No. 72-2521.**

United States Court of Appeals,
Fifth Circuit.

April 11, 1973.

Heber Ladner, Jr., Sp. Asst. Atty. Gen., A. F. Summer, Atty. Gen. of Miss., Jackson, Miss. for State of Miss.

Marvin Oates, Bay Springs, Miss., M. M. Roberts, Hattiesburg, Miss., for Sylvarena Baptist Academy.

L. D. Pittman, Raleigh, Miss., for School Board.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., Daniel F. Rinzel, Richard H. Swan, Andrew J. Ruzicho, Civil Rights Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before COLEMAN and SIMPSON, Circuit Judges and ESTES, District Judge.

PER CURIAM:

In 1968, the Board of Supervisors of Smith County, Mississippi, leased for a 25-year period the Sylvarena School, a vacant public school building located on certain sixteenth section lands,[1] to the Sylvarena Civic Center Association for the sum of $5.00 per year. On August 11, 1970, some seventeen months after the original lease, the district court ordered the Smith County Board of Education to terminate operation of a racially dual system of public schools. Some five months later, on January 15, 1971, the Sylvarena Civic Center Association subleased the Sylvarena School premises to the Sylvarena Baptist Academy for the unexpired term of the Civic Center's lease to be used as a private, segregated school serving only white students. The sublease provides that the yearly rentals of $5.00 be paid directly to the County Superintendent of Education. The United States moved for supplemental relief in the district court, which had retained jurisdiction of the cause to insure compliance, on the basis that the leases were being used to reestablish a dual school system by unlawfully providing state financial assistance to the operation of the private, segregated school. The district court granted the United States the relief sought, enjoining the selling, leasing or subleasing of sixteenth section land to any organization for use as a segregated private school, and declaring the original lease of the Sylvarena School premises to the Civic Center null and void. The court held that the Smith County Board of Supervisors had the right to renew the lease to the Civic Center provided that any lease contain the provision that any sixteenth section land premises may not be leased or subleased for the use of a segregated school or for any use which interferes with any school desegregation plan. We hold this order of the district court overbroad and modify it in accord with McNeal v. Tate County School District, 460 F.2d 568, 574 (5th Cir. 1972).

■ Although under Mississippi law the Smith County Board of Supervisors is entitled to lease sixteenth section land for a nominal sum, it is well established that the state, acting through its various local bodies, is charged with the affirmative duty to take whatever steps might be necessary to bring about a unitary educational system free of racial discrimination. Green v. County School Board of New Kent County, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716 (1968); McNeal v. Tate County School District, 460 F.2d 568 (5th Cir. 1972); Gilmore v. City of Montgomery, 473 F. 2d 832 (5th Cir. 1973). Where, as here, the state is the lessor of a former public school converted into a segregated private school, located on property specifically designated for the benefit of the public schools, there is a state involvement with such schools. Under these circumstances the proscriptions of the Fourteenth Amendment against racial discrimination by the state must be complied with by the lessee and sublessee as certainly as though they were binding covenants written into the agreement itself. See Burton v. Wilmington Parking Authority, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961).

At the time the district court granted the relief requested by the United States by voiding the lease between the Board of Supervisors and the Civic Center, it did not have the benefit of this court's decision on petition for rehearing in McNeal v. Tate County School District, *supra*, 460 F.2d at 574.

■ In light of our decision on reconsideration in *McNeal,* we now vacate the order of the district court voiding the

---

1. Legal title to the sixteenth section of each township is vested in the State of Mississippi to be held in trust for the maintenance and support of public schools for inhabitants of each township. Lambert v. State, 211 Miss. 129, 51 So.2d 201 (1951). Though title remains in the state, the Mississippi legislature has provided that each county shall control all the sixteenth section land located within it. Miss.Code Ann. § 6598–01 (Supp. 1972).

lease between the Board of Supervisors and the Civic Center, and remand the case with directions to enter an order upholding the lease and sublease but enjoining the Civic Center and the Sylvarena Baptist Academy, or any members, successors or assigns from using the property for the operation of a segregated private school. The injunction of the district court shall provide that if the Sylvarena School is used as a private school, such school shall be operated without any discrimination of any kind or character based upon race, creed, color or national origin, and the doors of any such school shall be open at all times to all qualified applicants on an equal basis.

Remanded, with directions.